IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JAIME CHAVEZ,<br><br>               Plaintiff,<br><br>v.<br><br>CONDUENT BUSINESS SERVICES, LLC, and WELLS FARGO BANK, N.A.,<br><br>               Defendants. | No. _____<br><br><br>(Removed from the Fifth Judicial District, State of New Mexico, County of Eddy, Case No. D-503-CV-2023-00185) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), and 1441, Defendants Conduent Business Services, LLC ("Conduent") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants"), hereby remove this action from the State of New Mexico Fifth Judicial District Court, County of Eddy to the United States District Court for the District of New Mexico.

This Court has federal jurisdiction for removal because Plaintiff Jaime Chavez ("Plaintiff") raises a claim for violations of the federal Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*. Further, this Court has jurisdiction under 28 U.S.C. § 1332(a) because there is: (i) complete diversity between Plaintiff and Defendants and (ii) the amount in controversy, based on a reasonable reading of the Complaint, exceeds $75,000.

In this notice of removal, Defendants provide this "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). As the Supreme Court has stated, the short and plain statement of removal does not need to contain evidentiary

1

submissions.  *Id.*  The notice of removal instead requires only plausible allegations that the requirements for removal are met.  *Id*.  That requirement is satisfied here.

## BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiff commenced this action by filing a Complaint on March 7, 2023, in the Fifth Judicial District Court for the State of New Mexico, in and for the County of Eddy, styled *Jaime Chavez v. Conduent Business Services, LLC, et al.*, Case No. D-503-CV-2023-00185.  Pursuant to 28 U.S.C. § 1446(a), and Local Rule 81.1(a), the most recent version of the docket from the state court and true and correct copies of all pleadings and documents filed in that action are attached as Exhibit A.

2. The Complaint asserts claims relating to the purported theft of unemployment insurance benefits belonging to Plaintiff out of his "EPPICard" account. (Compl., ¶¶ 1, 26-37.)  Plaintiff claims Defendants "hold and administer the EPPICard account" and refused to conduct a good faith investigation into the purported theft as required by federal law and to his detriment.  (*Id*., ¶¶ 2, 44, 48, 52.)

3. The Complaint alleges that Defendants' refusal to comply with the law caused Plaintiff to lose more than $10,000, incur consequential and incidental damages and suffer substantial aggravation, inconvenience, and emotional distress.  (*Id.*, ¶ 52.)

4. The Complaint asserts claims against Defendants for violations of EFTA, the New Mexico Unfair Practices Act ("UPA"), NMSA § 57-12-1, *et seq*., willful breach of contract, conversion and negligence.  (*Id.*, ¶ 6.)

5. Plaintiff alleges he is entitled to actual and statutory damages under EFTA; actual or statutory damages, trebled, under the UPA; actual and punitive damages for willful breach of contract; actual and punitive damages for conversion; actual and punitive

damages for negligence; and attorneys' fees and costs. (*Id.*, ¶¶ 63, 68, 74, 77, 82, Prayer for Relief.)

## VENUE

6. Plaintiff filed his Complaint in the State of New Mexico Fifth Judicial District Court, County of Eddy, which is located in the District of New Mexico. Venue is proper in the United States District Court for the District of New Mexico under 28 U.S.C. §§ 111, 1391, and 1441(a).

7. Contemporaneously with filing this Notice of Removal in this Court, Defendants will serve written notice of the filing on Plaintiff's counsel of record and have a copy of this Notice of Removal filed with the Clerk of the State of New Mexico Fifth Judicial District Court, County of Eddy, under 28 U.S.C. § 1446(d).

## PARTIES

8. Plaintiff is a citizen of the State of New Mexico. (Compl., ¶ 7.)

9. Conduent is a limited liability company. The sole member of Conduent is Conduent Incorporated, which is a corporation organized solely under the laws of the state of New York, with a principal place of business in New Jersey.

10. Wells Fargo is a national banking association organized and existing under federal law with its main office located in Sioux Falls, South Dakota, as identified in its Articles of Association. Therefore, Defendants are all citizens of states other than the State of New Mexico for purposes of diversity jurisdiction. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national banking association is a citizen of the state where its "main office, as set forth in its articles of association, is located").

## TIMELINESS OF REMOVAL

11. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). The Complaint was filed on March 7, 2023. Conduent was served with the Complaint on or about March 7, 2023. Wells Fargo was served with the Complaint on or about March 9, 2023. This Notice of Removal is timely filed within thirty days of the receipt of a copy of the Complaint and service of process, from which it was ascertained that the case is one which is removable, pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (thirty day period for removal does not begin to run until defendant is served with complaint). This Notice of Removal also is filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

## BASIS FOR REMOVAL JURISDICTION

12. There are two bases for removal. First, removal is appropriate under 28 U.S.C. § 1331 as Plaintiff asserts claims in violation of a federal statute, specifically EFTA, 15 U.S.C. § 1693. Second, removal is appropriate under 28 U.S.C. § 1332(a) because there is: (i) complete diversity between Plaintiff and Defendants and (ii) the amount in controversy, based on the relief Plaintiff seeks, exceeds $75,000.

13. Further, this Court has supplemental jurisdiction over any state law claims because those claims "form part of the same case or controversy" as the claims over which the Court has original jurisdiction. 28 U.S.C. § 1367.

14. "A district court ... may exercise its supplemental jurisdiction when doing so would further the interest of judicial economy, convenience, and fairness . . . ." *U.S. v. Bd. of Cnty. Comm'rs of the Cnty. of Dona Ana, N.M*., 730 F. Supp. 2d 1327, 1335

(D.N.M. 2010). "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

15. Each basis for the Court's removal jurisdiction is discussed separately below.

I. **Removal under 28 U.S.C. § 1331 – Federal Question Jurisdiction**

16. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are founded on a claim or right arising under the laws of the United States.

17. Under 28 U.S.C. § 1331, removal is appropriate if the district court has original jurisdiction founded on a claim or right arising under the laws of the United States and the action shall be removable without regard to the citizenship or residence of the parties.

18. The district courts' original jurisdiction extends to "federal question" cases, that is, all "civil actions arising under the Constitution, laws, or treaties of the United States." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987).

19. Plaintiff alleges Defendants violated EFTA. (Compl., ¶¶ 55-63.)

20. This Court has jurisdiction over all claims brought under this federal statute and, as such, federal question jurisdiction exists under 28 U.S.C. § 1331.

21. Accordingly, this action is one over which this Court has subject matter jurisdiction over the entire case pursuant to 28 U.S.C. §§ 1331.

## II. Removal under 28 U.S.C. § 1332(a) – Diversity Jurisdiction

22. An action may be removed pursuant to 28 U.S.C. § 1332(a) if the action is between "citizens of different States" and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

23. Here, the requirement of complete diversity jurisdiction is satisfied because Plaintiff is citizen of the State of New Mexico, while Defendants are citizens of states other than the State of New Mexico. (Compl., ¶ 7; *see supra* ¶¶ 9-10.)

24. The Tenth Circuit has explained that the amount in controversy is "not the amount the plaintiff will recover," but instead "an estimate of the amount that will be put at issue in the course of the litigation." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). As the Tenth Circuit further stated, "the question at this stage in the proceedings isn't what damages the plaintiff will *likely* prove but what a factfinder *might* conceivably lawfully award." *Hammond v. Stamps.com*, 844 F.3d 909, 912 (10th Cir. 2016). Even when it is "highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id*. (quoting *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)).

### A. Claimed Damages Under EFTA.

25. Plaintiff claims to be entitled to actual and statutory damages under EFTA as well as attorneys' fees and costs. (Compl., ¶ 63.)

26. Plaintiff claims to have lost more than $10,000. (*Id*., ¶ 52(a).)

**B.     Claimed Damages Under UPA.**

27.     Plaintiff claims to be entitled to actual or statutory damages, trebled, under the UPA as well as attorneys' fees and costs. (Compl., ¶ 68.)

28.     A claim of treble damages should be considered in the calculations of amount in controversy. *See*, *e.g.*, *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003); *see also Barreras v. Travelers Home & Marine Ins. Co.,* No. 12-CV-0354 RB/RHS, 2012 U.S. Dist. LEXIS 200819, at *9 (D.N.M. Oct. 17, 2012).

**C.     Claimed Damages Under Willful Breach of Contract, Conversion and Negligence.**

29.     Plaintiff claims to be entitled to actual and punitive damages for willful breach of contract; actual and punitive damages for conversion; actual and punitive damages for negligence; and attorneys' fees and costs. (Compl. ¶¶ 74, 77, 82, Prayer for Relief.)

30.     A claim of punitive damages should be considered in the calculations of amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.,* 320 U.S. 238, 240 (1943) (punitive and actual damages can be aggregated to meet the amount in controversy); *Duran v. Marathon Asset Mgmt., LP,* 621 Fed. Appx 553, 554 (10th Cir. 2015) (unpublished) (noting the court must consider punitive damages when determining the amount in controversy).

31.     Further, where attorneys' fees are part of the potential and claimed recovery under a statute, they properly are considered as part of the amount-in-controversy. *See Woodmen,* 342 F.3d at 1218 ("Because the UPA requires the award of attorneys' fees to a prevailing claimant, the potential award of attorneys' fees, in addition to compensatory and

7

treble damages, should be considered in determining [the amount in controversy]."); *Barreras*, 2012 U.S. Dist. LEXIS 200819, at *9.

32. Considering Plaintiff's requested relief, specifically the request for actual damages, statutory damages, treble damages, punitive damages and attorneys' fees and costs, it is clear that the amount in controversy based on Plaintiff's claims exceeds $75,000. *See, e.g., Chavez Law Offices, P.A. v. Tyler Techs.*, No. 1:21-cv-00293-LF-SCY, 2021 U.S. Dist. LEXIS 172469, at *6 (D.N.M. Sept. 10, 2021) (unpublished) (finding the jurisdictional requirements for amount in controversy under diversity jurisdiction were met where several claims were pled, and each included either a request for punitive damages or treble damages, despite a clear statement from the plaintiff that damages did not exceed $74,999.00).

33. Accordingly, the diversity and amount-in-controversy requirements are met, and removal is proper under 28 U.S.C. § 1332(a).

34. By filing this notice of removal, Defendants do not waive any defense that may be available to them, including, but not limited to, the right to compel arbitration and the right to contest *in personam* jurisdiction, incomplete process, improper service of process, and/or improper venue, in this Court or in the court from which this action has been removed.

35. Based on the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a) and this matter may be removed to this Court under 28 U.S.C. § 1441.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: *"Electronically Filed" /s/ Alejandro Rettig y Martinez.*
    Alejandro Rettig y Martinez, Esquire
P.O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
E-mail: ARettigyMartinez@rodey.com

Jenny N. Perkins, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 864-8378
Facsimile: (215) 864-8999
E-mail: perkinsj@ballardspahr.com

*Attorneys for Defendants Conduent Business Services and Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was sent by electronic mail and First Class Mail, upon the following counsel of record:

Nicholas H. Mattison, Esquire
Feferman, Warren & Mattison, Attorneys for Plaintiffs
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
nmattison@nmconsumerwarriors.com

*Counsel for Plaintiff*

This 20th day of March 2023

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____*/s/ Alejandro Rettig y Martinez*_____ .
Alejandro Rettig y Martinez, Esquire